PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. DONALD VERNON VANNESS                     Docket Number: 08-cr-00470-WYD-01

**Amended Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release**

COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of Donald Vernon Vanness who was placed on supervision by the Honorable C. LeRoy Hansen sitting in the court at Albuquerque, New Mexico, on the 26th day of November, 2001, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.  The defendant shall participate in and successfully complete a substance abuse treatment program, which will include drug testing, out-patient counseling, or residential placement, as approved and directed by the probation officer.

**On March 9, 2004, at a supervised release revocation hearing, the defendant's supervision was revoked and he was sentenced to the custody of the Bureau of Prisons for a term of five months, to be followed by one year of supervised release.**

**The following special conditions were imposed:**

1.  The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement.

2.  The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.

**On October 2, 2007, the defendant's conditions were modified to include the following special condition:**

3.  The defendant shall reside at and complete a program at a community corrections center for a period of up to six (6) (sic) as approved by the probation officer.

**On October 30, 2008, jurisdiction of this case was transferred from the District of New Mexico to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PROB 12
(02/05-D/CO)

PRAYING THAT THE COURT WILL ORDER that the original petition dated May 22, 2008, which requested the issuance of a warrant for violations of supervised release, be amended.

ORDER OF THE COURT

Considered and ordered this 10th day of February, 2010, and made a part of the record in the above case.

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/Thomas Meyer
Thomas Meyer
U.S. Probation Officer

Place: Denver, Colorado

Date: February 5, 2010

**ATTACHMENT**

On November 27, 2007, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on November 21, 2007.

The defendant has committed the following violations of supervised release:

1.   **VIOLATION OF THE LAW:**

On or about July 15, 2008, the defendant is alleged to have committed the offense of Assault on a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 111(a)(1) and (b). This is a felony offense, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On July 15, 2008, the defendant was contacted by the U.S. Marshals Service in an attempt to execute an arrest warrant issued in the District of New Mexico, Case No. 1:00CR001571-00LH. As Deputy Marshal Eric Naber drove south on County Road (CR) 521, in La Plata County, Colorado, he observed the defendant driving north on the same road. Deputy Naber turned around and followed the defendant's vehicle. Deputy Naber was able to confirm the vehicle was the defendant's from the license plate. The defendant began to accelerate, and Deputy Naber, who was driving an unmarked vehicle, activated his emergency lights and siren in an effort to stop the defendant, who did not stop.

Deputy Richard Lawson of the Bayfield Marshal's Office responded to Deputy Naber's request for assistance. Deputy Lawson was driving his unmarked vehicle south on CR 521 with his lights and siren activated. Deputy Lawson pulled over to the side of the road and waited for the defendant and Deputy Naber to pass him as they traveled north on CR 521. Deputy Lawson turned his vehicle around and joined the high speed pursuit. As the defendant failed to demonstrate any intention of stopping, Deputy Naber decided to attempt to pass the defendant's Camaro and get in front of him. As Deputy Naber began to pass the defendant, the defendant increased his speed in an attempt to prevent Deputy Naber from passing him. Deputy Naber further increased his speed, only to be matched again by an increase in speed by the defendant. As Deputy Naber began to gain an advantage on the defendant, the defendant left his lane of traffic, drove into Deputy Naber's lane, and intentionally struck the right rear tire of Deputy Naber's vehicle with the left front of the defendant's vehicle. After striking Deputy Naber's vehicle, the defendant's vehicle spun out of control and came to a stop. This enabled Deputy Naber and Deputy Lawson to get out of their vehicles, approach the defendant, further identify themselves as police officers, and demand the defendant's surrender. The defendant sped off.

After the defendant fled the scene, Deputy Naber and Deputy Lawson got back into their vehicles and continued their pursuit of the defendant. As the defendant drove at a high rate of speed on the gravel and dirt road, several vehicles pulled into a ditch to avoid a collision. The defendant ultimately drove to the residence of an acquaintance where he abandoned his vehicle and ran through an open field. The defendant found a hiding place near some trees, but ultimately gave up and was taken into custody on the federal arrest warrant.

The defendant's Camaro was later searched pursuant to the consent of the defendant and the U.S. Marshals' inventory policy. A storage compartment was located in the left rear interior of the vehicle, which contained methamphetamine and a digital weight scale. The methamphetamine was confirmed by laboratory tests and weighed 15.14 grams. The execution of a search warrant revealed drug paraphernalia and documentation connecting the defendant to the vehicle he had been driving.

On November 13, 2009, the defendant pled guilty to Count I as charged in the Indictment, and sentencing is set for February 17, 2010, in U.S. District Court, Case Number 08-cr-00326-WYD-01.

2. **PURCHASE OR POSSESSION OF A CONTROLLED SUBSTANCE:**

On or about July 15, 2008, the defendant possessed a controlled substance, methamphetamine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 15, 2008, the defendant was arrested by the U.S. Marshals Service in the District of Colorado based on a fugitive absconder warrant. The defendant fled in his vehicle from U.S. Marshal Eric Naber, but was apprehended following a car chase. The U.S. Marshals Service searched the defendant's vehicle on July 17, 2008, and discovered a quantity of methamphetamine weighing 15.14 grams. The defendant was subsequently indicted on Count II of the Indictment for Possession with Intent to Distribute Methamphetamine, Case Number 08-cr-00326-WYD-01. This count was dismissed when the defendant pleaded guilty to Count I of the Indictment.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about May 6, 2008, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 6, 2008, the defendant provided a positive urine specimen for cocaine at the Probation Office in Las Cruces, New Mexico. On that date, the defendant reported to U.S. Probation Officer (USPO) Shelly Wagner that he used methamphetamine, not cocaine, and he had used the drug while partying and wanted to appear cool. The defendant signed the Report of Positive Urinalysis form, which stated that on May 8, 2008, he submitted a positive urine specimen for cocaine. The defendant placed his initials next to the statement, "I admit use of a controlled substance as indicated by the above-reported urine test result."

4. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED:**

On or about May 20, 2008, the defendant was directed to report to the probation officer at 11:00 a.m., on May 21, 2008, and he failed to report, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 20, 2008, U.S. Probation Officer Shelly Wagner in Las Cruces, New Mexico, attempted to see the defendant at his place of residence and employment (he had been living at his place of employment at Byrd's Automotive). She spoke with Ray Madrid, the owner, who stated the defendant was in Colorado attending a funeral and was expected to return later that day. USPO Wagner contacted the defendant on his cell phone and instructed him to report to the Probation Office by 3:00 p.m., that afternoon. The defendant told her he could not, as he was too busy working on a car. He then stated he was in Albuquerque, New Mexico. The defendant was asked if he had traveled to Colorado, and he denied this. He was then instructed to report to the Probation Office on May 21, 2008, at 11:00 a.m. The defendant failed to report to the Probation Office as directed.

5. **FAILURE TO PARTICIPATE IN DRUG TREATMENT AS DIRECTED BY THE PROBATION OFFICER:**

The defendant failed to keep a counseling appointment at Counseling and Recovery, Incorporated, the testing and treatment program that the probation officer directed him to participate, on May 21, 2008, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 21, 2008, the probation officer was informed that the defendant failed to attend his substance abuse treatment session at Counseling and Recovery, Incorporated on May 20, 2008.

6. **FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED BY THE PROBATION OFFICER:**

On or about May 20, 2008, the defendant failed to submit a urine specimen as required at Counseling and Recovery, Incorporated, the testing and treatment program that the probation officer directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 21, 2008, the probation officer was informed that the defendant failed to report to the Counseling and Recovery, Incorporated testing program to provide a urine specimen on May 20, 2008.

7. **FAILURE TO NOTIFY OFFICER OF CHANGE IN EMPLOYMENT:**

On or about May 16, 2008, the defendant terminated employment at Byrd's Automotive in Las Cruces, New Mexico, and failed to notify the probation officer of the change ten days prior to change, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 20, 2008, a home/employment contact was attempted with the defendant at Byrd's Automotive, 7850 North Frontage Road, Las Cruces, New Mexico, where the defendant resided and worked.  The owner, Ray Madrid, stated the defendant went to Colorado to attend a funeral and was expected to return later that day.  On May 22, 2008, Mr. Madrid told the probation officer that the defendant had not returned to work since May 16, 2008, and he had no contact with the defendant, whose current whereabouts were unknown to him.

8. **FAILURE TO NOTIFY OFFICER OF CHANGE IN RESIDENCE:**

On or about May 16, 2008, the defendant moved from his residence at 7850 North Frontage Road, Las Cruces, New Mexico, and failed to notify the probation officer of this change ten days prior to move, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 20, 2008, a home/employment contact was attempted with the defendant at Byrd's Automotive, 7850 North Frontage Road, Las Cruces, New Mexico, where the defendant resided and worked.  The owner, Ray Madrid, stated the defendant went to Colorado to attend a funeral and was expected to return later that day.  On May 22, 2008, he told the probation officer that the defendant had not returned to work since May 16, 2008, and he had no contact with the defendant, whose current whereabouts were unknown to him.

9. **LEAVING THE DISTRICT WITHOUT PERMISSION:**

On or about July 15, 2008, the defendant left the District of New Mexico and traveled to the District of Colorado without permission from the probation officer or the court, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 15, 2008, the defendant was arrested by the U.S. Marshals Service in the District of Colorado.  The defendant had not been given permission to leave the District of New Mexico by the probation officer.